INTERDICTION OF JEANNE RATEAU YAZBECK.
No. 2009 CA 1436.
Court of Appeals of Louisiana, First Circuit.
March 26, 2010.
Not Designated for Publication
SAM J. COLLETT, Jr., Bailey Dirmann Morse, Covington, LA, Counsel for Plaintiffs/Appellees, Susan Cannizaro, Jeanne Marie Paysse and Oscar A. Paysse, III.
PRESCOTT L. BAR FIELD Covington, LA, Counsel for Defendant/Appellant, Jeanne Rateau Yazbeck.
Before: DOWNING, GAIDRY and McClendon, JJ.
DOWNING, J.
Jeanne Rateau Yazbeck appeals a judgment that fully interdicted her. We affirm the judgment.
Ms. Yazbeck's children filed a petition for temporary, preliminary and permanent interdiction alleging that Ms. Yazbeck was 76 years old, was suffering from dementia with behavioral disturbances, and was incapable of caring for her person or her property. The trial court granted the temporary and preliminary interdictions. The matter subsequently came on for trial on the merits of Ms. Yazbeck's permanent interdiction. The trial court ordered that Ms. Yazbeck be fully interdicted as defined in La. C.C. art. 389.[1]
Ms. Yazbeck now appeals, asserting five assignments of error, summarized as follows:
1. The trial court erred in finding that Ms. Yazbeck was unable to manage her personal affairs;
2. The trial court erred in finding that Ms. Yazbeck was unable to manage her financial affairs;
3. The trial court erred in determining that a full interdiction was required, rather than a limited interdiction;
4. The trial court erred in determining that the most appropriate and least restrictive placement for Ms. Yazbeck was in a secure ward of an assisted living facility;
5. The trial court erred in giving greater weight to the opinion of one doctor over the opinion of another expert.

DISCUSSION
A petitioner must prove his case by clear and convincing evidence in an interdiction proceeding. La. C.C.P. art. 4548. Since the determination of whether to order interdiction is a finding of fact, appellate courts will not set aside a trial court's finding in the absence of a clearly wrong determination. State ex rel. Smith, 38,192, p. 5 (La.App. 2 Cir. 3/3/04), 867 So.2d 890, 894. In her first three assignments of error, Ms. Yazbeck essentially urges that the trial court was clearly wrong in determining that she is unable to manage her personal and financial affairs and that she needs full interdiction.
The record, however, supports the trial court's findings, including an expert psychiatric evaluation, evidence of her diminished mental acuity, and evidence that she needs supervision to prevent harm to herself or others, particularly her proclivity toward automobile accidents if given the opportunity to drive. The trial court's findings, therefore, are supported by the record and are not clearly wrong. We find no merit in Ms. Yazbeck's first, second and third assignments of error.
In her fifth assignment of error, Ms. Yazbeck argues that the trial court erred in accepting the opinion of a psychiatrist who evaluated her when she was admitted to a hospital over that of the licensed clinical neuropsychologist who performed a more contemporaneous and more thorough evaluation. Where there are two permissible views of the evidence, however, the factfinder's choice between them cannot be clearly wrong. Stobart v. State through Dep't. of Transp. & Dev., 617 So.2d 880, 883 (La. 1993). Accordingly, the factfinder's decision to accept the reasonable opinions and testimony of one expert over the conflicting opinions and testimony of another expert can never be clearly wrong. See Fontenette v. McDermott, Inc., 95-0190, pp. 5-6 (La.App. 1 Cir. 10/6/95), 694 So.2d 266, 270. While we may have weighed the testimony of the experts differently, we cannot say the trial court was clearly wrong. The fifth assignment of error lacks merit.
In her fourth assignment of error, Ms. Yazbeck challenges the trial court's oral finding that the most appropriate and least restrictive placement for her is in a secure ward of an assisted living facility. We note, however, that the judgment contains no such finding or order. The law does not require a judgment of interdiction to make such a finding or order.[2]See La. C.C.P. art. 4551. Accordingly, we find no merit in this assignment of error.

DECREE
For the foregoing reasons, we affirm the judgment of the trial court. Costs of this appeal are to be paid by Ms. Jeanne Rateau Yazbeck's curator, Ms. Susan P. Cannizaro, out of Ms. Yazbeck's funds under her control.
AFFIRMED.
McCLENDON, J., concurs and assigns reasons.
I concur to emphasize that Louisiana Civil Code article 389 only allows a full interdiction in those cases where less restrictive means are not available. Thus, serious deliberation is required before ordering a full interdiction. In this matter, the trial court found that less restrictive means were not available. I am unable to say that the trial court lacked any reasonable basis for this finding. Therefore, I respectfully concur.
NOTES
[1] Louisiana Civil Code art. 389 provides as follows:

A court may order the full interdiction of a natural person of the age of majority, or an emancipated minor, who due to an infirmity, is unable consistently to make reasoned decisions regarding the care of his person and property, or to communicate those decisions, and whose interests cannot be protected by less restrictive means,
[2] Louisiana Code of Civil Procedure art. 4566(1), applicable to temporary interdictions, provides as follows:

A curator appointed in an order of temporary interdiction shall have no authority to admit the defendant to a residential or long-term care facility in the absence of good cause shown at a contradictory hearing.
No similar provision currently appears in the Code of Civil Procedure addressing preliminary or permanent interdictions. Former La. C.C.P. art. 4555 repealed by La. Acts 2000, 1st Ex.Sess., No. 25, § 3, eff. July 1, 2001, provided that, "'If necessary, the court may order that an interdict be confined in safe custody."
Instead. La. C.C.P. art. 4566(A) now provides generally that "the relationship between interdict and curator is the same as that between minor and tutor." Art. 4566 governs the management of the affairs of an interdict. We also observe that the trial court has a continuing duty to monitor the status of an interdicted person. La. C.C.P. art. 4569.